**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:  NATIONAL COLLEGIATE** | ) | |
| **ATHLETIC ASSOCIATION** | ) | **MDL No. 2492** |
| **STUDENT-ATHLETE CONCUSSION** | ) | |
| **INJURY LITIGATION** | ) | **Master Docket No. 13 C 9116** |
| | ) | |
| | ) | **Judge John Z. Lee** |
| | ) | |
| | ) | **Magistrate Judge David M. Weisman** |
| | ) | |
| **This Document Relates to All Cases** | ) | |

_____

| | | |
|---|---|---|
| **IN RE:  NATIONAL COLLEGIATE** | ) | |
| **ATHLETIC ASSOCIATION** | ) | **MDL No. 2492** |
| **STUDENT-ATHLETE CONCUSSION** | ) | |
| **INJURY LITIGATION –** | ) | **Master Docket No. 16 C 8727** |
| **SINGLE SPORT/SINGLE SCHOOL** | ) | |
| **(FOOTBALL)** | ) | **Judge John Z. Lee** |
| | ) | |
| | ) | **Magistrate Judge David M. Weisman** |
| | ) | |
| **This Document Relates to All Cases** | ) | |

<u>**CASE MANAGEMENT ORDER NO. 4**</u>
<u>**"SINGLE SPORT/SINGLE SCHOOL" CASES**</u>

**Background**

1.      On July 15, 2016, this Court certified on a conditional basis a settlement class consisting of "All Persons who played an NCAA-sanctioned sport at an NCAA member institution on or prior to the Preliminary Approval Date," as well as two subclasses consisting of "All Persons who played an NCAA-sanctioned Contact Sport at an NCAA member institution on or prior to the Preliminary Approval Date" and "All Persons who played an NCAA-sanctioned non-Contact Sport at an NCAA member institution on or prior to the Preliminary Approval

Date." The Court also granted preliminary approval of the class settlement with respect to the class and subclasses.  7/15/16 Mem. Op. & Order [ECF No. 276].

2.     If the class settlement is granted final approval, it would resolve the claims that were filed in the following cases (I will refer to them as the "Original Nationwide Class Cases"), with the exception of the personal injury claims of any of the named class representatives asserted in this litigation, the personal injury claims of settlement class members brought on an individual, non-class basis, and personal injury claims brought on a class-wide basis on behalf of persons who allege injury resulting from their participation in a single NCAA-sanctioned sport at a single-NCAA member school.

> *Arrington v. NCAA*, Case No. 11-cv-6356 (filed in N.D. Ill.)
> *Caldwell v. NCAA*, Case No. 14-cv-0195 (from N.D. Ga.)
> *Doughty v. NCAA*, Case No. 14-cv-0199 (from S.C.)
> *Durocher v. NCAA et al.*, Case No. 14-cv-0035 (from S.D. Ind.)
> *Hudson v. NCAA*, Case No. 14-cv-0194 (from N.D. Fla.)
> *Jackson v. NCAA*, Case No. 14-cv-4387 (from E.D.N.Y)
> *Morgan v. NCAA*, Case No. 14-cv-0196 (from Minn.)
> *Nichols v. NCAA*, Case No. 14-cv-0962 (filed in N.D. Ill.)
> *Powell v. NCAA*, Case No. 14-cv-0198 (from W.D. Mo.)
> *Walker v. NCAA*, Case No. 13-cv-9117 (from E.D. Tenn.)
> *Walton v. NCAA*, Case No. 14-cv-0200 (from W.D. Tenn.)
> *Washington v. NCAA*, Case No. 14-cv-0197 (from E.D. Mo.)
> *Wolf v. NCAA*, Case No. 14-cv-1268 (filed in N.D. Ill.)
> *Whittier v. NCAA*, Case No. 14-cv-9322 (from W.D. Tex.)

2.     The Court previously had ordered that all matters related to the Original Nationwide Class Cases be filed in the Master Docket Case *In re: National Collegiate Athletic Association Student-Athlete Concussion Injury Litigation*, case no. 13-cv-9116.  CMO No. 1 (ECF No. 15).

### "Single Sport/Single School" Cases

3.     As mentioned, the class settlement expressly excludes bodily injury damages claims brought by an individual plaintiff or on behalf of a putative class consisting of NCAA

2

student athletes from a single sport at a single school.  7/15/16 Mem. Op. & Order at 4.  Over the

past several months, there have been a number of such actions filed in this district as well as

others (I will refer to them as "Single Sport/Single School cases") involving collegiate football

programs.  As of today, they are:

> *Burkholder v. Univ. of Wake Forest, et al.*, Case No. 16-cv-8582 (from S.D. Ind.)
> *Burns v. Stanford Univ. et al.*, Case No.16-cv-8579 (from N.D. Cal.)
> *Capriola v. Boston College et al.*, Case No. 16-cv-8584 (from D. Mass.)
> *Carr v. Brigham Young Univ. et al.*, Case No. 16-cv-8581 (from D. Colo.)
> *Cook v. Univ. of Oregon et al.*, Case No. 16-cv-7321 (from N.D. Ca.)
> *Crawford v. Univ. of N.C. et al.*, Case No. 16-cv-8583 (from S.D. Ind.)
> *Griffin v. Ohio State et al.*, Case No. 16-cv-5986 (filed in N.D. Ill.)
> *Hermann v. Univ. of Ga. et al*, Case No. 16-cv-7320 (from E.D. Ca.)
> *Lee v. Duke Univ. et al.*, Case No. 16-cv-7325 (from S.D. Ind.)
> *Miller v. Auburn Univ. et al.*, Case No. 16-cv-7323 (from S.D. Ind.)
> *Owens v. Univ. of Tenn. et al.*, Case No. 16-cv-7324 (from S.D. Ind.)
> *Samuels v. Pa. State et al.*, Case No. 16-cv-5270 (filed in N.D. Ill.)
> *Seals v. Univ. of Utah et al.*, Case No. 16-cv-7326 (from D. Utah)
> *Strinko v. Univ. of Mich. et al.*, Case No. 16-cv-5988 (filed in N.D. Ill.)
> *Walthour v. Vanderbilt Univ. et al.*, Case No. 16-cv-7322 (from M.D. Fla.)

4.     The Single Sport/Single School cases that have been filed in other districts have

been transferred by the Judicial Panel on Multidistrict Litigation to this court as part of MDL No.

2492. Those that were filed in this district and assigned to other district judges will be reassigned

to this Court by the Executive Committee and be designated to be part of MDL No. 2492.

**Creation of Master Docket Case for Single Sport/Single School Cases**

5.      Because the Court believes it would be helpful to create a separate track within

MDL No. 2492 for the Single Sport/Single School cases to distinguish them from the Original

Nationwide Class Cases that may be subject to the class settlement, the Court will order the

creation of another Master Docket Case entitled *In re NCAA Student-Athlete Concussion Injury*

*Litigation – Single Sport/Single School (Football)* and the Master Docket Case No. 16-cv-08727.

Accordingly, Clerk of Court will maintain a Master Docket Case file under the style "*In re:*

3

*NCAA Student-Athlete Concussion Injury Litigation – Single/Sport/Single School (Football)*" and
the Master Docket Case No. 16-cv-08727 as well as the identification "MDL No. 2492."

6.     All of the Single Sport/Single School cases listed above, as well as any similar
cases involving collegiate football programs that are filed in this district or transferred to this
district by the Judicial Panel on Multidistrict Litigation under MDL 2492 ("Single Sport/Single
School tag-along cases"), will be designated as related cases to the newly created Master Docket
Case. To the extent that Single Sport/Single School tag-along cases involve a sport other than
football, the Court will consider motions by the parties to create additional master docket cases
on a sport-by-sport basis.

7.     The Single Sport/Single School cases listed above, as well as the Single
Sport/Single School tag-along cases, are consolidated for pretrial purposes. This consolidation,
however, does not constitute a determination that the actions should be consolidated for trial, nor
does it have the effect of making any entity a party to any action in which he, she, or it has not
been named, served, or added in accordance with the Federal Rules of Civil Procedure.

8.     Until further order of the Court, all filings submitted in a *Single Sport/Single
School* case should be filed <u>only</u> in the Master Docket Case and bear in its caption: (1) the MDL
number, (2) the case number of the Master Case, and (3) the original N.D. Ill. case number of
that case. When a filing is intended to be applicable to all actions within the Master Docket Case,
the caption shall indicate "This Document Relates to All Cases."  When a filing is intended to
apply to fewer than all cases, this Court's docket number for the individual case or cases to
which the document number relates shall appear in the caption immediately after the words:
"This Document Relates Only to [individual case number(s)]."  A sample caption is attached to
this order.  *See* Ex. A.

**Initial Pretrial Conference in Single Sport/Single School Cases**

9.       An initial pretrial conference for the *Single Sport/Single School* cases is scheduled for October 19, 2016 at 2:00 p.m. in Judge John Z. Lee's courtroom, Room 1225, Everett M. Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois.   All counsel should attend this first hearing in person. Arrangements will be made for out-of-town counsel to participate in future status hearings via telephone conference. The Court directs counsel for the Plaintiffs in the Single Sport/Single School cases to submit a joint status report listing each of the cases and a very brief status of each case (*e.g.,* whether service has been effectuated; the current deadline for responsive pleading, etc.).

10.       <u>Initial Pretrial Conference Agenda</u>.

(a)       <u>Procedures for Complex Litigation</u>.   Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth* ("MCL 4th") and be prepared at the conference to suggest procedures that will facilitate the expeditious, economical, and just resolution of this litigation.

(b)       <u>List of Related Cases</u>.   Counsel shall file a statement listing all known related cases (other than the matters listed above) pending in state or federal court, if any, by October 5, 2016.

(c)       <u>Appearance at Hearing</u>.   Each party represented by counsel shall appear at the initial pretrial conference through their attorney who will have primary responsibility for the party's interest in this litigation.   Parties not represented by counsel may appear in person or through an authorized and responsible agent.   To minimize costs and facilitate a manageable conference, parties with similar interests may agree, to the extent practicable, to have an attending attorney represent their interest at the conference.   A party that designates an attorney

to represent its interest at the conference will not be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue, or service.

(d)    Incorporation of Discovery in *Arrington v. NCAA*.  A substantial amount of discovery has already taken place in *Arrington v. NCAA* (No. 11-cv-6356).  In order to achieve a just, speedy, and inexpensive adjudication of this litigation, it is the expectation of the Court that the parties in the transferred cases will make use of this discovery to the fullest extent possible.  Any duplication of discovery will be strongly disfavored.

(e)    Meeting of Counsel.  Prior to the initial pretrial conference, counsel for the parties should confer and seek agreement as to the following:

(i)    the incorporation of discovery taken in the *Arrington* case;

(ii)    the aspects of the Single Sport/Single School cases (whether related to discovery or motion practice) that may be amendable to consolidated treatment as part of the MDL proceedings;

(iii)    the schedule for any additional fact discovery and any expert discovery; and

(iv)    any other applicable Fed. R. Civ. P. 16 and 26(f) topics not addressed above.

(f)    Filing of Proposed Case Management Schedule.  After conferring as noted above, the parties should file jointly a proposed case management schedule no later than October 5, 2016.  The proposed case management schedule should set forth a proposed schedule for this litigation and address, at a minimum, the items noted above.  To the extent there is agreement among the parties as to one or more of these items, it should be so noted.  To the

extent that there is disagreement among the parties as to any one or more items, the various positions with respect to each item of disagreement should be set forth in the joint filing.

## Appointment of Liaison Counsel and Lead Counsel
## for Single Sport/Single School Cases

11.    <u>Liaison Counsel.</u>  Prior to the initial pretrial conference, counsel for Plaintiffs and counsel for Defendant shall, to the extent they have not already done so, confer and seek consensus on the selection of a candidate for the position of Liaison Counsel for each group who will be charged with essentially administrative matters.  For example, Liaison Counsel shall be authorized to receive orders and notices from the Court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group and perform other tasks determined by the Court. Liaison Counsel shall be required to maintain complete files with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison Counsel are also authorized to receive orders and notices from the JPML pursuant to Rule 5.2(e) of the JPML's Rules of Procedure or from the transferee court on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group. The expenses incurred in performing the services of Liaison Counsel shall be shared equally by all members of the liaison group in a manner agreeable to the parties or set by the Court failing such agreement.  Plaintiffs, as a group, and Defendant each should file a designation of liaison counsel by October 5, 2016. Appointment of Liaison Counsel shall be subject to the approval of the Court.  At the first conference, Liaison Counsel and/or the parties should be prepared to discuss any additional needs for an organizational structure or any additional matters consistent with the efficient handling of this matter.

12.     <u>Appointment of Lead Counsel.</u>

(a)     <u>Lead Counsel for Plaintiffs.</u>   It is the Court's intent to appoint two attorneys to serve as Lead Counsel for Plaintiffs to conduct and coordinate the pretrial stage of this litigation with the Defendant's representatives.   Prior to the initial pretrial conference, counsel for Plaintiffs shall, to the extent they have not already done so, confer and seek consensus on the selection of two candidates for these position.   Once an agreement is reached, Plaintiffs should file a designation of Lead Counsel with the Court.   In the event that Plaintiffs are unable to arrive at an agreement, applications/nominations for the positions should be filed no later than October 5, 2016.   The main criteria for appointment will be: (a) counsel's willingness and availability to commit to a time-consuming project; (b) counsel's ability to work cooperatively with others; and (c) counsel's professional experience in this type of litigation, including any prior appointments as lead counsel or liaison counsel in multi-party litigation. Applications/nominations should succinctly address each of the above criteria as well as any other relevant matters. No submissions longer than five (5) pages will be considered. The Court will only consider attorneys who have filed a civil action in this litigation.   Any objections to the appointment of a proposed applicant/nominee must be filed by October 12, 2016, and should not exceed five (5) pages.

(b)     <u>Lead Counsel for Defendant.</u>   The Court will also appoint two Lead Counsel for Defendants.   Prior to the initial pretrial conference, counsel for Defendants shall, to the extent they have not already done so, confer and seek consensus on the selection of two candidates for these position.   Once an agreement is reached, Defendants should file a designation of Lead Counsel with the Court.   In the event that Defendants are unable to arrive at an agreement, applications/nominations for the positions should be filed no later than October 5,

2012.  The main criteria for appointment will be: (a) counsel's willingness and availability to commit to a time-consuming project; (b) counsel's ability to work cooperatively with others; and (c) counsel's professional experience in this type of litigation, including any prior appointments as lead counsel or liaison counsel in multi-party litigation.  Applications/nominations should succinctly address each of the above criteria as well as any other relevant matters. No submissions longer than five (5) pages will be considered. The Court will only consider attorneys who have filed a civil action in this litigation.  Any objections to the appointment of a proposed applicant/nominee must be filed by October 12, 2016, and should not exceed five (5) pages.

        (c)   <u>Role of Lead Counsel.</u>  Lead counsel will have the responsibility to coordinate and/or perform the following functions:

        (i)   <u>Discovery</u>

        (A)  Initiate, coordinate, and conduct all pretrial discovery in all actions which are consolidated in the Master Docket Case No. 16-cv-08727.

        (B)  Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery in the Master Docket Case No. 16-cv-08727.

        (C)  Cause to be issued in the name of the parties the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the pretrial of relevant issues found in the pleadings of this litigation. Similar requests, notices, and subpoenas may be caused to be issued by Lead Counsel upon written request by an individual attorney in order to assist him/her in the preparation of the pretrial stages of his/her client's particular claims.

(D)   Conduct all discovery in a coordinated and consolidated manner on behalf and for the benefit of the respective parties. No attorney for a party may be excluded from attending the examination of witnesses and other proceedings.

(ii)   <u>Hearings and Meetings</u>

(A)   Call meetings of counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matter(s) pertaining to pretrial proceedings.

(B)   Examine witnesses and introduce evidence at hearings on behalf of the respective parties.

(C)   Act as spokesperson for the respective parties at pretrial proceedings and in response to any inquiries by the Court, subject to the right of any counsel for the parties to present non-repetitive individual or different positions.

(iii)   <u>Miscellaneous</u>

(A)   Submit and argue any verbal or written motions presented to the Court on behalf of the respective parties, as well as oppose when necessary any motions submitted by other parties.

(B)   Negotiate and enter into stipulations regarding this litigation. All stipulations entered into by Lead Counsel, except for strictly administrative details such as scheduling, must be submitted for Court approval and will not be binding until the Court has ratified the stipulation.  Any attorney not in agreement with a non-administrative stipulation shall file with the Court a written objection thereto within ten (10) days after he/she knows or should

have reasonably become aware of the stipulation. Failure to object within the term allowed shall be deemed a waiver and the stipulation will automatically be binding on that party.

(C)  Explore, develop, and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation.

(D)  Maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by the parties or their attorneys.

(E)  Prepare periodic status reports summarizing the Lead Counsels' work and progress. These reports shall be submitted to the respective parties' Liaison Counsel who will promptly distribute copies to the other attorneys of record.

(F)  Perform any task necessary and proper for Lead Counsel to accomplish their responsibilities as defined by the Court's orders.

(G)  Perform such other functions as may be expressly authorized by further orders of this Court.

(H)  Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing.

**Miscellaneous Provisions**

13.    <u>Interim Measures.</u>  Unless otherwise ordered by the Court:

(a)    <u>Extension and Stay.</u>  To the extent that a Defendant is required to file an answer or otherwise plead to the complaints filed in the transferred actions, the Defendant is granted an extension until a date to be set by this Court.  Furthermore, pending the initial pretrial conference and further orders of this Court, all outstanding discovery proceedings are stayed, and

no further discovery shall be initiated. Moreover, all pending motions are stricken without prejudice.

(b)     Orders in *Arrington.*  The order establishing electronic discovery protocol [ECF No. 89] and the agreed confidentiality order [ECF No. 57] entered in the *Arrington* case shall remain in full force and effect and are applicable to "All Cases" within Master Docket Case No. 16-cv-08727 until such time as they are amended or superseded by case management orders in this litigation.

(c)     Orders of Transferor Courts.  All orders of transferor courts imposing dates for pleadings or discovery are vacated.

14.     Remand Stipulations.  In the event that a case is remanded, the parties shall furnish to the Clerk of Court a stipulation or designation of the contents of the record and furnish all necessary copies of any pleadings filed so as to enable the transferee clerk to comply with the order of remand.

15.     Preservation of Evidence.  All parties and their counsel are reminded of their duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as tapes, discs and cards, printouts, document image files, Web pages, databases, spreadsheets, software, books, ledgers, journals, orders, invoices,

bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or chemical process photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies, or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Until the parties reach an agreement on a preservation plan or the Court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation.  Counsel is under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties.

16.    <u>Communications with the Court.</u>  Unless otherwise ordered by this Court, all substantive communications with the Court shall be in writing, with copies to opposing counsel. Nevertheless, the Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendant's counsel is essential for the orderly and expeditious resolution of this litigation.  The communication of information among and between Plaintiffs' counsel and among and between Defendant's counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall in no way be used against any Plaintiff by Defendant or against Defendant by any Plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

17.    Any pleading or document which is to be filed in any of these actions shall be filed with the Clerk of this Court and not in the transferor court.  All documents filed in this

Court must be filed electronically pursuant to this Court's General Order on Electronic Case Filing (General Order 211-24) and the CM/ECF User Guide. All counsel of record are required to register in the Court's CM/ECF Filing System. Additional information can be found at: http://www.ilnd.uscourts.gov/CMECF.aspx.

18.     Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this Court. Furthermore, attorneys admitted to practice and in good standing in any United States District Court are admitted *pro hac vice* in this litigation and need not file a motion to be admitted *pro hac vice*. Association with local counsel is not required.

19.     All counsel of record are expected to familiarize themselves with the Court's local rules and procedures including, the electronic case filing rules, the CM/ECF User Guide, and Judge Lee's Case Management Procedures (http://www.ilnd.uscourts.gov/judge-info.aspx?4Qf5zc8loCI5U7rfMP9DHw= =).

20.     Counsel who currently are electronically registered to receive electronic notifications in this litigation shall serve as Interim Counsel of Record until such time that the Court appoints Liaison Counsel and Lead Counsel. These individuals are asked to forward a copy of this order and any additional orders, which are issued prior to the appointment of Liaison Counsel and Lead Counsel, to the other attorneys who are involved in the transferred actions, to the extent that such attorneys have not registered to receive electronic notifications.

21.     Any additional filings related to the class settlement or the Original Nationwide Class Cases should still be filed in Master Case No. 13-cv-9116 pursuant to CMO No. 1.

IT IS SO ORDERED on September 8, 2016.

John Z. Lee
United States District Judge

14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:  NATIONAL COLLEGIATE** | ) | **MDL No. 2492** |
| **ATHLETIC ASSOCIATION** | ) | |
| **STUDENT-ATHLETE CONCUSSION** | ) | **Master Docket No. 16 C 8727** |
| **INJURY LITIGATION –** | ) | |
| **SINGLE SPORT/SINGLE SCHOOL** | ) | **Original N.D. Ill. Docket No. 16 C _____** |
| **(FOOTBALL)** | ) | |
| | ) | **Judge John Z. Lee** |
| | ) | |
| | ) | **Magistrate Judge David M. Weisman** |
| | ) | |
| | ) | **[This Document Relates . . .]** |

<br>

# **EXHIBIT A**